*In re* APPORTIONMENT OF STATE LEGISLATURE—1964.
JUNE 17, 1964.

1. STATES—DISTRICTING AND APPORTIONING OF LEGISLATURE—EQUAL
   POPULATION.
   Previous order conditionally approving plan for districting and
   apportioning State senate and house of representatives, based
   in part on factors other than approximately equal population
   basis is ordered vacated, where subsequent decisions of the
   supreme court of the United States have held that the equal
   protection clause of the Constitution of the United States
   applies so that both houses of a bicameral State legislature
   must be apportioned substantially on an equal population basis
   (US Const, Am 14; Mich Const 1963, art 4, § 6, pars 6–8).

2. SAME—DISTRICTING AND APPORTIONING OF LEGISLATURE—EQUAL
   POPULATION.
   Districting and apportioning of both senate and house of repre-
   sentatives in State legislature must be as nearly as practicable
   on an equal population basis (US Const, Am 14; Mich Const
   1963, art 4, § 6, pars 6–8).

3. SAME—PLAN FOR DISTRICTING AND APPORTIONING OF LEGISLATURE—
   LITIGATION—1964 ELECTIONS.
   Plan for districting and apportioning of senate and house of rep-
   resentatives as adopted, or directed to be adopted by the Su-
   preme Court, by the commission on legislative apportionment
   by June 22, 1964, may not be affected, altered, changed, or
   amended with respect only to 1964 election procedures by
   litigation permitted under the Constitution, because of neces-
   sity of insuring orderly election procedures (US Const, Am
   14; Mich Const 1963, art 4, § 6, pars 6–8).

See 372 Mich 418, 461, and 480. Submitted March
3, 1964. (Calendar No. 95, Docket No. 50,705.)
Orders entered June 17, 1964, modifying and vacat-
ing previous orders, and directing commission to

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 18 Am Jur, Elections §§ 13 *et seq.*, 17.
[1, 2] Inequality of population or lack of compactness of ter-
       ritory as invalidating apportionment of representatives.   2 ALR
       1337.

devise apportionment plans for election of State legislature in conformance with the State and Federal Constitutions.

### ORDER

The order of May 26, 1964, determining that the so-called Hanna plan "complies most accurately" with the constitutional requirements, having been conditional and subject to further decision of the United States supreme court and this Court having retained jurisdiction accordingly:

Now, therefore, in the light of *Reynolds* v. *Sims* (and other cases), decided June 15, 1964, by the United States supreme court, wherein it was held that the equal protection clause requires that seats in both houses of a bicameral State legislature must be apportioned substantially on a population basis, it is ordered that the order entered in this cause by this Court on May 26, 1964, be vacated and that the finding contained in said order be held for naught.

THOMAS M. KAVANAGH
Chief Justice

DETHMERS, J., abstains.

### ORDER

The Court's orders of February 6, 1964 and of May 26, 1964, authorizing and directing procedures to be followed under the 7th paragraph of section 6 of article 4 of the Constitution of 1963, are modified to the following extent:

The commission on legislative apportionment is directed to proceed to adopt a plan for districting and apportioning the senate and house of representatives in accordance with the constitutional requirements and guide lines provided by the United States supreme court in *Reynolds* v. *Sims*, 377 US 533 (84 S Ct 1362, 12 L ed 2d 506); *WMCA, Inc.,* v.

*Lomenzo, Secretary of State,* 377 US 633 (84 S Ct 1418, 12 L ed 2d 568) ; *Maryland Committee for Fair Representation* v. *Tawes, Governor,* 377 US 656 (84 S Ct 1442, 12 L ed 2d 595) ; *Davis* v. *Mann,* 377 US 678 (84 S Ct 1453, 12 L ed 2d 609) ; *Roman* v. *Sincock,* 377 US 695 (84 S Ct 1462, 12 L ed 2d 620) ; and *Lucas* v. *Forty-Fourth General Assembly of the State of Colorado,* 377 US 713 (84 S Ct 1472, 12 L ed 2d 632), decided June 15, 1964, requiring that the districting and apportionment of both houses of State legislatures shall be as nearly as practicable on an equal population basis.  The commission is allowed until 5 p.m., Friday, June 19, 1964, to adopt a plan in accordance with said constitutional requirements.  In the event the commission is unable to agree upon a plan, each member of the commission, individually or jointly with other members, may submit additional proposed plans to this Court within the time limit of 12 noon, Saturday, June 20, 1964.  Further oral arguments or briefs will not be permitted by the Court.

Any plan adopted by the commission on legislative apportionment or, in the event said commission is unable to agree upon a plan, any plan thereafter directed to be adopted by this Court shall be subject to the provisions of paragraphs 6 and 8 of said section and article: Provided, however, That because of the necessity of insuring orderly election procedures for the year 1964, in no event will the litigation permitted under paragraph 8 of said section 6 affect, alter, change, or amend the plan adopted by the commission under either paragraph 5 or paragraph 7 of said section 6, insofar as 1964 legislative elections are concerned.

Thomas M. Kavanagh
Chief Justice

Souris, J., abstains.